UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Eric Bernard Wiggins,

                Petitioner,     Case No. 18-cv-10124

v.                                   Judith E. Levy
                                      United States District Judge
Erick Balcarcel,
                                      Mag. Judge Elizabeth A. Stafford
                Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION
FOR A WRIT OF HABEAS CORPUS, DENYING A
CERTIFICATE OF APPEALABILITY, AND DENYING
<u>LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.    Introduction**

Petitioner filed the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Michigan prisoner Eric Bernard Wiggins pleaded guilty to first-degree criminal sexual assault (during the commission of a felony), MICH. COMP. LAWS § 750.520b(1)(c), in the Berrien County Circuit Court and was sentenced to 10 to 45 years imprisonment in 2015. In his pleadings, petitioner challenges the validity of his sentence and the state court's application of Michigan's sentencing guidelines.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

Having conducted the requisite review, the Court finds that petitioner fails to state a claim upon which habeas relief may be granted and dismisses with prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II. Procedural History

Following his conviction and sentencing, petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals challenging, in relevant part, his sentence. In lieu of granting the application, the Michigan Court of Appeals remanded the matter to the trial court "for further proceedings consistent with the process set for forth in *People v. Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), *United States v. Crosby*, 397 F3d 103 (CA 2, 2005), and *People v. Steanhouse*, _ Mich. App. _; _ N.W.2d (2015)." *People v. Wiggins*, No. 330863, 2016 WL 232311 (Mich. Ct. App. Feb. 16, 2016) (citation formatting unaltered from original). The Michigan Court of Appeals also directed the trial court to establish a factual basis for certain costs, or to alter that figure if appropriate, and, in all other respects, denied leave to appeal for lack of merit in the grounds presented. *Id.*

On remand, the trial court determined that resentencing was not warranted. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented. *People v. Wiggins*, No. 334909 (Mich. Ct. App. Nov. 2, 2016). Petitioner also filed an application for leave to appeal with

the Michigan Supreme Court, which was denied in a standard order. *People v. Wiggins*, 500 Mich. 984, 894 N.W.2d 47 (2017).

Petitioner thereafter filed his pro se federal habeas petition with this Court. He raises the following claim:

> The trial court abused its discretion and committed clear error in failing to follow the Court of Appeals decision (Docket No. 330863) remanding this matter for further proceedings consistent with the process set forth in *People v. Lockridge,* 498 Mich 358 (2015), *United States v. Crosby*, 397 F.3d 103 (CA 2, 2005), and *People v. Steanhouse*, (Court of Appeals Docket No. 318329, October 22, 2015), by denying Defendant resentencing. The Court of Appeals erred in holding that the trial court did not abuse its discretion and did not commit clear error in failing to follow the Court of Appeals decision.

## III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because petitioner filed his habeas petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal

5

court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). In addition, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. Discussion

Petitioner primarily challenges the resentencing decision. However, "errors in the application of state sentencing guidelines . . . cannot independently support habeas relief." *Kissner v. Palmer*, 826

6

F.3d 898, 904 (6th Cir. 2016). A habeas petitioner must, instead, identify a violation of a "specific federal constitutional protection[]" to prevail on such a claim. *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A petitioner may nevertheless prevail on sentencing claims in the rare circumstances where the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). This is so because a "claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines . . . is based solely on state law." *Paris v. Rivard*, 105 F. Supp. 3d 701, 724 (E.D. Mich. 2015) (citing *McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006)); *see also Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only.").

Here, petitioner's sentence is within the statutory maximum of life imprisonment for first-degree criminal sexual conduct. *See* Mich. Comp. Laws § 750.520b(1)(c). Consequently, his sentence is insulated from habeas review absent a violation of a "specific federal constitutional protection[] . . ." *See Cook*, 56 F. Supp. 2d at 797.

7

Moreover, to the extent petitioner contests the state court's interpretation of state law relative to his sentence and the application of that law, he is not entitled to relief. It is well-settled that state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (noting the Supreme Court "repeatedly has held" that state courts are the final arbiters of state law). "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus," and federal habeas relief is not available for errors of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). Accordingly, petitioner fails to state a claim upon which relief may be granted as to this issue.

Petitioner also asserts that his sentence violates his federal due process rights. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir.

1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. He admits that he had sentencing hearings before the state trial court with an opportunity to challenge the scoring of the guidelines. He also presented his sentencing issues to the state appellate courts. Petitioner fails to establish that the trial court relied upon materially false or inaccurate information in imposing his sentence or that he had no opportunity to correct it. No due process violation occurred.

Petitioner further asserts that the state trial court erred in relying upon facts neither proven by the prosecution nor admitted by him in imposing his sentence in violation of his Sixth Amendment rights. Claims such as these arise from the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004); and *Alleyne v. United States*, _ U.S. _, 133 S. Ct. 2151 (2013). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Supreme Court clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303. In *Alleyne*, the Supreme Court extended *Apprendi* to mandatory minimum sentences, ruling that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2158 (Thomas J., plurality opinion).

Those cases, however, are inapplicable to the case at hand. Petitioner was sentenced to an indeterminate sentence within the statutory limits for his conviction and his sentence does not include a mandatory minimum. The Supreme Court's holding in *Alleyne* dealt with judge-found facts which raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range, which is what occurred in petitioner's case. *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014). Unlike the laws at

issue in *Apprendi* and *Alleyne*, the Michigan Sentencing Guidelines neither require nor allow a judge to impose a more severe sentence than was previously available. Rather, they serve to guide a judge in exercising his or her sentencing discretion. *Id.*; *see also United States v. James*, 575 F. App'x 588, 595 (6th Cir. 2014) (collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences"); *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.' . . . It said nothing about guidelines sentencing factors[.]"). The Sixth Circuit, in fact, has ruled that *Alleyne* did not decide whether judicial fact-finding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013). As such, *Alleyne* does not afford petitioner relief.

The Michigan Supreme Court relied on the *Alleyne* decision in holding that Michigan's sentencing guidelines scheme violates the Sixth Amendment right to a jury trial in *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015). Petitioner, however, cannot rely on *Lockridge*

11

to obtain relief. A federal court may only grant habeas relief if it finds that the state court's decision was "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'was based on an unreasonable determination of the facts in light of the evidence that was presented in the State court proceeding.'" *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012) (quoting 28 U.S.C. § 2254(d)) (emphasis added). *Lockridge* is a decision of the Michigan Supreme Court. The AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether a state court decision is contrary to, or an unreasonable application of, clearly established federal law. *Miller v. Straub*, 299 F.3d 570, 578-579 (6th Cir. 2002). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 16-CV-206, 2016 WL 1068744, *5 (W.D. Mich. March 18, 2016); *see also Matthis v. Stewart*, No. 16-CV-14292, 2017 WL 5903460, *8 (E.D. Mich. Nov. 30, 2017) (denying habeas relief on *Alleyne/Lockridge* sentencing claim); *Lott v. Haas*, No. 17-CV-13059, 2017 WL 5192349, *2-3 (E.D. Mich. Nov. 9, 2017) (same); *Grace v. Gidley*,

No. 16-CV-14243, 2017 WL 2798391, *5-7 (E.D. Mich. June 28, 2017) (denying habeas relief on similar sentencing claim after *Lockridge* remand); *Cummings v. Campbell*, No. 17-CV-10523, 2017 WL 957688, *3 (E.D. Mich. March 13, 2017) (denying habeas relief on *Alleyne* claim challenging scoring of sentencing guidelines); *Perez v. Rivard*, No. 14-CV-12326, 2015 WL 3620426, *12 (E.D. Mich. June 9, 2015) (same).

Lastly, the Court notes that the trial court's affirmation of petitioner's sentence after the remand under *Lockridge* was based upon the trial court's discretion. "Facts that the trial court may have found in support of its exercise of discretion do not implicate the Sixth Amendment." *Holder v. Jackson*, No. 17-CV-408, 2017 WL 3205762, *4 (W.D. Mich. July 28, 2017) (summarily dismissing habeas petition raising similar sentencing claim). Petitioner thus fails to state a claim upon which habeas relief may be granted in his pleadings and his petition must be dismissed.

## V. Conclusion

For the reasons stated above, the Court concludes that petitioner fails to state a claim upon which federal habeas relief can be granted in his petition. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court concludes that petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claim. Accordingly, the Court **DENIES** a certificate of appealability. The Court also concludes an appeal cannot be taken in

good faith. *See* FED. R. APP. P. 24(a). Accordingly, the Court **DENIES** petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

Dated: February 1, 2018     s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2018.

            s/Keisha Jackson
            for SHAWNA BURNS
            Case Manager