**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Eric Bernard Wiggins,

                Petitioner,     Case No. 18-cv-10124

v.                                   Judith E. Levy
                                    United States District Judge

Erick Balcarcel,

                                Mag. Judge Elizabeth A. Stafford
                Respondent.

_____/

**ORDER DENYING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL AND TRANSFERRING REQUEST TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

This matter is before the Court on Petitioner's application to proceed in forma pauperis on appeal regarding the Court's denial of his habeas petition. The Court denied a certificate of appealability and denied leave to proceed in forma pauperis on appeal in its opinion denying the petition. (Dkt. 5 at 14.) Consequently, the Court shall construe Petitioner's current application as a request for reconsideration. *See, e.g., Jackson v. Crosby*, 437 F.3d 1290, 1294 n. 5 (11th Cir. 2006); *Lyons v. Lafler*, No. 2:10-CV-11386, 2013 WL 812083, *1 (E.D. Mich. March 5, 2013). The Court finds no reason to reconsider its prior decision.

To prevail on a motion for reconsideration, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). But "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

Here, Petitioner "presents the same issues ruled upon by the court" in his initial habeas application, as he asks to proceed in forma pauperis on appeal. *See* E.D. Mich. LR 7.1(h)(3). Petitioner fails to meet his burden

of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof as required by Local Rule 7.1(h)(3). For this reason, the application to proceed in forma pauperis on appeal is denied.

When a district court denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal, the proper procedure is for the habeas petitioner to file a motion for a certificate of appealability and/or an application for leave to proceed in forma pauperis on appeal with the appellate court. *Sims v. United States*, 244 F.3d 509 (6th Cir. 2011) (citing Fed. R. App. P. 22(b)(1)).[1] The Court transfers the application to proceed in forma pauperis on appeal to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

Dated: April 23, 2018　　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Petitioner filed a notice of appeal at the time he filed this application.

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 23, 2018.

s/Shawna Burns
SHAWNA BURNS
Case Manager